**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CHARLES ALVAH BIBBER, III,**

        **Plaintiff,**

**-vs-**                                            **Case No. 6:12-cv-1337-Orl-37DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **PLAINTIFF'S UNCONTESTED PETITION FOR ATTORNEY'S FEES (Doc. 27)**
>
> **FILED:** October 16, 2014
> _____
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED** as set forth below.

Plaintiff's Motion for authorization to charge a reasonable fee follows the issuance of an Order and Judgment reversing the decision of the Commissioner of Social Security with respect to Plaintiff's claim for benefits, and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) (Docs. 22 & 23). Judgment in the case was entered on July 2, 2013. Doc. 23.

As set forth in the motion, Plaintiff's attorney, Richard Culbertson, petitions this Court pursuant to 42 U.S.C. §406(b) for authorization to charge his client a reasonable fee for federal court

representation in the amount of $24,386; however, he does not allow for the deduction of the potential award of § 406(a) fees by the Social Security, which also must be deducted from the cap of the 25% past due benefits. This fee is based on a contingency fee agreement between counsel and Plaintiff and counsel's calculations regarding past due benefits received by Plaintiff. Upon review and noting no objection, the motion is **granted, as follows.**

There are three statutory provisions under which attorneys representing claimants in Social Security Disability cases may be compensated: 42 U.S.C. §§ 406(a) and 406(b), and 28 U.S.C. § 2142(d). Section 406(a) provides the exclusive avenue for attorneys seeking fees for work done before the Commissioner at the administrative level. The fees awarded under Section 406(a) are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(a)(2)(A) and (B). Section 406(a) caps the fees that may be awarded at twenty-five percent of past-due benefits awarded or a lesser fixed amount. 42 U.S.C. § 406(a)(2)(A)(ii)(I)-(II).

For fees incurred representing claimants in federal court, claimants and their attorneys may seek fees under two statutory provisions, 42 U.S.C. § 406(b) and 28 U.S.C. § 2142(d). Under Section 406(b), upon entry of judgment in favor of a claimant, the Court may award a reasonable fee for work performed before the Court, which are paid out of the claimant's past-due benefits awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) imposes a cap on the total amount of fees that may be awarded. 42 U.S.C. § 406(b)(1)(A). Section 406(b) provides that a Court may not award fees "in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b)(1)(A).

The Fifth Circuit has held that 42 U.S.C. § 406 "precludes the aggregate allowance of attorney's fees greater than twenty-five percent of the past due benefits received by the claimant."

*Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970). Thus, in this circuit,[1] the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits. *See Paltan v. Commissioner of Social Security,* 518 Fed. Appx. 673 (11th Cir. 2013); *Bookman v. Commissioner of Social Security,* 490 Fed. Appx. 314 (11th Cir. 2012).

By contrast, the EAJA permits a *claimant* to seek an award of fees against *the government* for work that is done before the Court if the claimant prevailed and the position of the Commissioner is not substantially justified. 28 U.S.C. § 2412(d)(1)(A). The EAJA contains a Savings Provision that provides that "where the claimant's attorney receives fees for the same work under both [406(b) and the EAJA], the claimant's attorney refunds to the claimant the amount of the smaller fee." 28 U.S.C. 2412 note. *See also Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1271 (11th Cir. 2010) (noting that the attorney may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) request).

As the total fee under Sections 406(a) and (b) cannot exceed 25% of the past-due benefits and "double dipping" under the EAJA is not allowed, the Court generally needs to know the amount awarded under § 406(a) (if any), amounts paid under EAJA (if any), and the total amount of past due benefits calculated by the agency, in order to evaluate the § 406(b) motion.

Applied here, this Court previously entered judgment in Plaintiff's favor, with remand for further administrative proceedings. Docs. 25, 26. Counsel requested and received an award under the EAJA in the amount of $6,348. Doc. 26. On remand, the agency found Plaintiff to be disabled as of June 2007. Plaintiff's past due benefits amount to $112,936, 25% of which is $30,734. Doc. 27-2. Plaintiff seeks a net fee of $24,386 (25% of the past-due benefits, $30,036.22, minus the EAJA fees

---

[1] In *Bonner v. City of Pritchard,* 661 F.2d 1206, 1209-11 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent the law of the former Fifth Circuit.

awarded, $6,348.00 (Doc. 26), equals $24,386.00). *See* Doc. 27; *Jackson v. Commissioner of Social Security*, 601 F.3d 1268, 1274 (11th Cir. 2010) (counsel may choose to effectuate the refund by deducting the amount of an earlier EAJA award from his subsequent 42 U.S.C. § 406(b) fee request).

Although Plaintiff's counsel states that the amount of any fees due at the administrative level a fee under Section 406(a) "will have to be set by the Commissioner's Administrative Law Judge after a fee petition is submitted," (Doc. 27 at 2), the ALJ has chosen "not to approve the fee agreement" between Plaintiff and his attorney because "[t]he fee agreement is not valid for matters involving an appeal or remand, pursuant to the original fee agreement and a letter submitted by your representative." Doc. 27-3. It is unclear how the 406(a) fee will be approved given the ALJ's denial.

Petitioner contends that the amount of the fee requested is reasonable under §406(b) and *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S.Ct. 1817, 70 U.S.L.W. 4477 (2002). As the undersigned noted in *Whalen v. Commissioner of Social Security*, the "best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client, not an hourly rate determined under lodestar calculations." Case No. 6:10-cv-865-Orl-22DAB, 2012 WL 2798486, *2 (M.D. Fla. 2012) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir.1990)). However, "[a] fee pursuant to a contingency contract is not *per se* reasonable." *McGuire v. Sullivan*, 873 F.2d 974, 979 (7th Cir.1989). The contingency fee negotiated by the claimant and his counsel is not reasonable if the agreement calls for fees greater than the twenty-five percent (25%) statutory limit, the agreement involved fraud or "overreaching" in its making, the resolution of the case was unreasonably delayed by the acts of the claimant's attorney, or would provide a fee "so large as to be windfall to the attorney." *Wells*, 907 F.2d at 372; *McGuire*, 873 F.2d at 981; *Rodriguez v. Bowen*, 865 F.2d 739, 746 (6th Cir.1989). Finally, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the

burden of persuasion that the statutory requirement has been satisfied." *Gisbrecht,* 122 S.Ct. at 1828 n. 17.

The Court finds the amount to be reasonable under the principles of *Gisbrecht*. According to the papers, counsel spent 34.5 hours in federal court effort (Doc. 24). While the award amounts to a handsome hourly rate, the fee is not a windfall and is consistent with that agreed to by Plaintiff and uncontested by the Commissioner.

In granting the motion, the Court is relying on the documents counsel submitted from the Social Security Administration that report the ALJ's denial of the § 406(a) award. It is respectfully **RECOMMENDED** that the Motion for § 406(b) award of fees be **GRANTED**, and counsel be authorized to charge his client $24,386, consistent with the fee agreement, and be barred from any further request for § 406(a), and counsel for both parties be directed to advise the agency of this preclusion as part of the Court's award.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on October 29, 2014.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Courtroom Deputy