**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

CHARLES ALVAH BIBBER, III,

        Plaintiff,

v.                                            Case No. 6:12-cv-1337-Orl-37DAB

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## ORDER

This cause is before the Court on the following:

1. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 27), filed October 16, 2014;

2. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 28), filed October 29, 2014; and

3. Objection to Report and Recommendation Dated October 29, 2014 (Doc. 29), filed November 12, 2014.

Upon consideration, the Court finds that the objections are due to be overruled and Magistrate Judge Baker's Report and Recommendation ("R&R") is due to be adopted.

## BACKGROUND

The R&R and objection currently before the Court present a question of an attorney's entitlement to fees for successful Social Security Disability representation. (*See* Docs. 27–29.) Three statutory provisions control attorney's fees in Social Security Disability cases. First, 42 U.S.C. § 406(a) permits the Commissioner of Social Security

("Commissioner") to award reasonable attorney's fees for successful work performed at the administrative level. Second, 42 U.S.C. § 406(b) permits courts to award reasonable attorney's fees for successful work performed in federal court. Fee awards under §§ 406(a) and (b) are "paid by the claimant out of the past-due benefits awarded." *See Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010). Binding precedent forecloses courts in this Circuit from awarding any § 406(b) fee which, when aggregated with a § 406(a) fee, would exceed 25 percent of a claimant's past-due benefits. *See Dawson v. Finch*, 425 F.2d 1192, 1195 (5th Cir. 1970).[1] Third and similar to § 406(b), the Equal Access to Justice Act ("EAJA") permits courts to award reasonable attorney's fees for successful work performed in federal court, provided that the Commissioner's position was not "substantially justified." *See* 28 U.S.C. 2412(d)(a)(A). An EAJA fee award is "paid from agency funds." *Jackson*, 601 F.3d at 1271.

Here, at both the administrative level and in federal court, attorney Richard Culbertson represented Plaintiff in this appeal of the Commissioner's denial of his client's Social Security Disability benefits. (*See* Docs. 1, 27.) Culberson ultimately prevailed and secured, *inter alia*, $122,936 in past-due benefits for his client. (*See* Docs. 22, 23, 27-1.)

The Court has already awarded Culbertson $6,348 in attorney's fees under the EAJA. (*See* Docs. 24–26.) Culbertson now moves for additional attorney's fees for his federal-court work under § 406(b). (*See* Doc. 27.) Culbertson seeks $24,386—the maximum awardable § 406(b) fee.[2] (*See id.* at 1.)

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981), the U.S. Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

[2] The EAJA has a "Savings Provision" which "prevents attorneys from receiving double recovery under both the EAJA and § 406(b)." *Jackson*, 601 F.3d at 1272. Pursuant

In a well-reasoned R&R, Magistrate Judge David A. Baker recommends granting Culbertson's motion and awarding him the maximum possible § 406(b) fee. (*See* Doc. 28.) However, the Magistrate Judge notes that Culbertson has not yet received § 406(a) fees for his work at the administrative level.[3] (*See id.* at 4.) Because *Dawson* forecloses awarding any § 406(b) fee which, when aggregated with a § 406(a) fee, would exceed 25 percent of a claimant's past-due benefits, and because the recommended § 406(b) award would, on its own, entitle Culbertson to the full 25 percent of his client's past-due benefits, Magistrate Judge Baker additionally recommends precluding Culbertson from making any further requests for § 406(a) fees and directing both parties to "advise the agency of this preclusion as part of the Court's award." (*See id.* at 5.)

Culbertson objects to Magistrate Judge Baker's recommended § 406(a) fee preclusion. (*See* Doc. 29.) The matter is ripe for the Court's adjudication.

---

to the Savings Provision, attorneys who collect EAJA and § 406(b) fees for the same work must refund the smaller of the two fees to their client. *See id.* at 1271, 73 (observing that Savings Provision furthers the EAJA's purpose of increasing "the portion of past-due benefits the successful Social Security claimant may pocket" (citation and internal quotation marks omitted)). Here, Culbertson technically seeks $30,734 in attorney's fees—the full 25 percent of Plaintiff's $122,936 past-due benefits allowable under § 406—but he has elected to satisfy the Savings Provision's refund requirement by deducting his previous $6,348 EAJA award directly from his § 406(b) request, resulting in a final § 406(b) fee request of $24,386. (*See* Doc. 27, p. 2); *see also Jackson*, 601 F.3d at 1274 (approving of Culbertson's Savings Provision procedure).

[3] More specifically, Culbertson did seek payment for his administrative-level work pursuant to § 406(a)(2), which permits the Commissioner to authorize payment of attorney's fees pursuant to an applicable fee agreement between a claimant and his attorney. (*See* Doc. 27-3.) However, the Commissioner found that the fee agreement at issue did not cover the particular administrative work that Culbertson had performed, and thus she rejected Culbertson's request. (*See id.*) Nevertheless, Culbertson represents that he still intends to seek administrative-level payment pursuant to § 406(a)(1), which, irrespective of any agreement, permits successful attorneys to petition the Commissioner for attorney's fees in an amount "fix[ed]" by the Commissioner. (*See* Doc. 29, p. 5.)

3

**STANDARDS**

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report. *Ernest S. ex rel. Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 513 (11th Cir. 1990).

**DISCUSSION**

Culbertson objects to Magistrate Judge Baker's recommended and purportedly "new" § 406(a) fee restriction on the ground that it would "limit the power of the Commissioner of Social Security to authorize reasonable attorney fees for work done at the administrative level." (*See* Doc. 29, pp. 1–2.) Relying on Ninth Circuit precedent, Culbertson contends that § 406(a) does not impose the same 25-percent fee restriction on the Commissioner that § 406(b) imposes upon courts. (*See id.* at 6 (citing *Clark v. Astrue*, 529 F.3d 1211, 1216 (9th Cir. 2008)).) Culbertson thus argues that he should be entitled to first seek from courts the maximum 25-percent § 406(b) fee award and then seek from the Commissioner further § 406(a) fees, resulting in an aggregate § 406 award exceeding 25 percent of his client's past due benefits. (*See id.* at 6–8.) Magistrate Judge Baker's recommendation to the contrary, Culbertson argues, would result in federal courts impermissibly encroaching upon the authority of the Commissioner. (*See id.*)

The Court disagrees. As Culbertson well knows,[4] the question of whether

---

[4] In rejecting one of Culbertson's recent appeals, the Eleventh Circuit emphasized:

4

attorney's fees awarded under §§ 406(a) and (b) can exceed 25 percent in the aggregate has not been "novel" in this Circuit since 1970, when the *Dawson* court held that they cannot. *See* 425 F.2d at 1195. Regardless of Culbertson's Ninth Circuit authority, *Dawson* binds the Court and forecloses it from awarding any § 406(b) fee that will result in an aggregate § 406 award in excess of 25 percent of a claimant's past-due benefits. *See id.*

As Magistrate Judge Baker notes, complying with *Dawson*'s aggregation limitation is ordinarily a straightforward arithmetic exercise; Social Security attorneys typically obtain a § 406(a) fee authorization before making their § 406(b) request, and thus courts can subtract the § 406(a) fee from 25 percent of the claimant's past-due benefits to determine the maximum allowable § 406(b) award. (*See* Doc. 28, p. 3.) Here though, by seeking a § 406(b) award prior to seeking a § 406(a) award, Culbertson has (intentionally) made that calculation impossible.

The Court cannot permit Culbertson to circumvent the *Dawson* aggregate-fee limit by requesting § 406(b) fees prior to requesting § 406(a) fees. The 25-percent aggregate § 406 cap discussed in *Dawson* is not a technical formality; it is designed, among other things, to prevent attorneys from charging "inordinately large fees for representing claimants in Federal district court." 425 F.2d at 1194. As *Dawson* remains binding, the Court will not shirk its obligation to enforce the 25-percent cap.

Based on Culbertson's representation that he intends to make his §§ 406 (a) and

---

> [T]he district court did not create a new rule limiting attorney's fees under § 406(a), § 406(b), and the EAJA to 25% of a claimant's past-due benefits. Instead, the district court followed binding Circuit precedent in imposing a 25% cap on attorney's fees under § 406(a) and (b) in the aggregate.

*Paltan v. Comm'r of Soc. Sec.*, 518 F. App'x 673, 675 (11th Cir. 2013).

(b) requests in reverse order to circumvent the *Dawson* aggregation limit, the Magistrate Judge could reasonably have recommended denying Culbertson's § 406(b) fee request without prejudice to its reassertion after he either obtains a finite § 406(a) authorization from the Commissioner or agrees not to seek one, after which the Court would be able to make a concrete § 406(b) determination. However, the Magistrate Judge evidently elected not to recommend such a needless waste of judicial and administrative resources, and instead recommends authorizing the full § 406(b) award on the condition that Culbertson be precluded from seeking further § 406(a) fees. (*See* Doc. 28, p. 5.) The Court finds Magistrate Judge Baker's recommended approach to be reasonable and consistent with its obligations under *Dawson*, and thus it will adopt and confirm the R&R.

Two final points require clarification. First, throughout his objection, Culbertson consistently refers to the approach recommended in the R&R as "barring the Commissioner from authorizing a fee for work done at the administrative level." (*See, e.g.*, Doc. 29, p. 7.) To be clear, the Court is not barring the Commissioner from doing anything; it is barring Culbertson from accepting any part of the Court's § 406(b) award if he intends also to seek a § 406(a) award. The fee limitation is a matter of great significance as demonstrated by the criminal sanctions imposed for violation.

> [a]ny attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which [§ 406(b)(1)] of this subsection is applicable *any amount in excess of that allowed by the court* thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

42 U.S.C.A. § 406(b)(2) (emphasis added). Second, Culbertson expresses concern that the § 406(b) award at issue will prevent him from obtaining § 406(a) fees for work done at the administrative level in the future. (*See* Doc. 29, p. 10.) That is not necessarily so.

6

As expressed above, this Order is intended to limit Culbertson's aggregate § 406 fee to 25 percent of his client's past-due benefits. If Culbertson does future administrative work for his client that results in an increase in his client's past-due benefits, Culbertson is free to seek a corresponding increase in § 406 attorney's fees.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Objection to Report and Recommendation Dated October 29, 2014 (Doc. 29) is **OVERRULED**.

2. Magistrate Judge David A. Baker's Report and Recommendation (Doc. 28) is **ADOPTED** and **CONFIRMED** and made a part of this Order.

3. Richard A. Culbertson's Unopposed Request for Authorization to Charge a Reasonable Fee and Memorandum on Reasonable Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 27) is **GRANTED IN PART AND DENIED IN PART**:

    a. The motion is **GRANTED** to the extent that Counsel for Plaintiff is **AUTHORIZED** to charge his client $24,386 in attorney's fees, provided that Counsel does not seek further attorney's fees from the Commissioner of Social Security pursuant to 42 U.S.C. § 406(a). Counsel for both parties are **DIRECTED** to advise the Commissioner of this Order.

    b. In all other respects, the motion is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 4, 2015.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

U.S. Magistrate Judge David A. Baker